Wright, J.
In this case Sloan recovered judgment against the railroad for the killing of certain stock. The track of the company ran through Sloan’s land, and the-stock Was in his field, the fences of which connected with the railroad fence so as to,form an inclosure. The railroad fence, however, was out of repair, and with knowledge of this Sloan put this stock in the inelosure, and, by reason of the* insufficient fence, they went upon the track and were killed.
We dispose of the case upon a single point made by counsel for the railroad company.
The act of March 25, 1859 (1 S. & C. 331), requires railroads to fence their tracks.
The first proviso of section 1 reads thus : “ Providedr that whenever such railroad shall pass through or along the boundary of any inclosed field or fields, the proprietor of such inclosed field dr fields is hereby required to construct one-half the fences necessary to partition such inclosed lands from the railroad, and the construction of the-same may be enforced in the same manner as are the partition fences between two or more individual boundaries.”
And section 3 (1 S. & C. 332, sec. 182) reads thus:
“ Sec. 3. When such fences are duly made, they shall be kept -in repair in all respects as partition fences are now by law required to be kept in repair.”
And (1 S. & C. 649, sec. 2) requires each adjacent proprietor to keep one-half of the partition fence between them in good and sufficient repair.
■ As the railroad fence, the sufficiency of which is in question, stood in the character of a partition fence, under these statutes, it was the duty of Sloan, equally with the railroad, to see that they were kept in order. That they were not so *343 kept was Ms fault as well as that of the other party. He was, therefore, guilty of contributory negligence. Knowing of the imperfect fence — an imperfection for which he was partly responsible — he turns his stock into the inclosure, and the injury of which he complains follows. His fault was such that he can not recover, and the fourth charge asked by plaintiff in error should have been given. That charge is this :
“ 4. That if the jury find from the evidence that good fences had been made by the company formerly controlling and managing said road on both sides thereof; that one of said fences formed a part of the plaintiff’s inclosure; that the said fence had with the plaintiff’s knowledge become so out of repair as to be wholly insufficient to turn, confine, or restrain said animals; that plaintiff has neglected to keep the said fence or any part thereof in repair, and has knowingly permitted his said animals to be thus exposed in the said inclosure, and that said animals, at the time they were killed, got upon said road through and by reason of said dilapidated fence and were-killed without carelessness or negligence by the defendant in operating its train, the plaintiff’ can not recover.”
Eor this error the judgment of the District Court will be reversed, as also that of the Common Pleas, and the cause is remanded for fui'ther proceedings.
Scott, Chief Judge, Day, Johnson, and Ashburn, J J., concurred.